IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| RAYMON GREGORY COWART | § | |
| | § | |
| V. | § | CASE NO. 9:17-CV-42 |
| | § | (Jury) |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE AND DAWN INGALLS | § | |

### NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant State Farm Mutual Automobile Insurance Company (incorrectly identified as State Farm Mutual Automobile Insurance), hereinafter referred to as "State Farm", hereby removes to this Court, the state court action described below.

1. The above entitled action was originally filed and is pending in the District Court of Trinity County, Texas under Cause No. 22482. Citation naming State Farm Mutual Automobile Insurance and Dawn Ingalls as Defendants was served, together with Plaintiff's Original Petition and Request for Disclosures, Plaintiff's Request for Interrogatories 1-20 to Defendant and Plaintiff's Request for Production Numbers 1-21 to Defendant on or about March 7, 2017. No other proceedings have occurred in the 258th Judicial District Court of Trinity County, Texas.

2. This is a civil action in which Plaintiff seeks judgment against Defendants regarding an insurance policy and contractual relationship. Based upon information and belief and the allegations within Plaintiff's pleadings, Plaintiff fraudulently joined Defendant Dawn Ingalls in a misguided attempt to destroy this Court's diversity jurisdiction. Plaintiff additionally misnamed the properly joined Defendant, State Farm Mutual Automobile Insurance Company, under the misnomer "State Farm Mutual Automobile Insurance."

3.     At the commencement of this action in the 258th Judicial District Court of Trinity County, Texas, and at all times thereafter, Plaintiff Raymon Gregory Cowart was and is a resident of Trinity County, Texas. The only properly joined Defendant, Defendant State Farm (incorrectly identified as State Farm Mutual Automobile Insurance) was and is a mutual insurance company residing in the State of Illinois, with its principal place of business in the State of Illinois. Defendant Dawn Ingalls is alleged to be a resident of the State of Texas, however she is not properly a party to this action. The amount in controversy plead by Plaintiff exceeds the federal court diversity jurisdictional amount of $75,000.[1]

4.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332, and this action may be removed under the provisions of 28 U.S.C. §1441(b).

5.     Pursuant to 28 U.S.C. § 1441(b), an action shall be removable "if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought."[2] If a defendant has been fraudulently joined, his presence must be disregarded by the Court in determining the existence of diversity jurisdiction and assessing the propriety of removal.[3] A determination of fraudulent joinder is based on an analysis of causes of action alleged in the complaint at the time of removal.[4] If no viable claims exist against the non-diverse defendant, her presence must be disregarded for jurisdictional purposes.[5] The misjoinder need not be fraudulent

---

[1]  *See* Plaintiff's Original Petition, Exhibit A.

[2]  28 U.S.C. § 1441(b).

[3]  *See Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101-02 (5th Cir. 1990).

[4]  *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).

[5]  *See French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994).

or egregious.[6]

6. Suit was commenced on February 21, 2017. Plaintiff alleges causes of action based entirely on the contractual relationship created by State Farm Automobile Policy Number 3068-200-43H, the contract of insurance between insurer and insured.[7] This policy was originally issued by Defendant State Farm on February 16, 2014 to Plaintiff Raymon Gregory Cowart. Plaintiff was in a motor vehicle collision on March 20, 2016. Plaintiff alleges that the driver of the other vehicle was negligent and therefore responsible for Plaintiff's alleged damages. Further, Plaintiff alleges that the other driver, Isabel Marie Cuellar was underinsured. As a result, Plaintiff made a claim for underinsured motorist benefits under the policy issued by State Farm. Following Plaintiff's presentment of a claim, State Farm adjuster Dawn Ingalls participated in the adjustment of Plaintiff's claims. Plaintiff names both State Farm and Dawn Ingalls as Defendants, but alleges his various causes of action against "Defendant."[8] Plaintiff alleges that "Defendant" breached the contract for insurance; specifically, that "Defendant has failed, refused, still fails, and refuses to pay Plaintiff."[9] No contract existed or was alleged to have existed between Plaintiff and Dawn Ingalls. Additionally, Plaintiff makes claims against "Defendant" for statutory violations of Chapters 541 and 542 of the Insurance Code and that "Defendant" is liable for benefits under the UM/UIM policy.[10] Plaintiff also seeks relief under the Uniform Declaratory Judgment Act.[11] Plaintiff fails to allege any act or

---

[6] *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006), cert. denied, 548 U.S. 907 (2006).

[7] *See* Plaintiff's Original Petition, Exhibit A.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

omission by Defendant Dawn Ingalls. In *Elizondo v. Metro. Lloyds Ins. Co.*, the plaintiff plead general allegations that plaintiff was insured by the defendant insurance company, that plaintiff's property was damaged by hail, and that plaintiff submitted a claim for that damage to defendant insurance company.[12] Plaintiff plead only "boilerplate allegations" that the defendant adjuster was inadequately trained and that the defendant adjuster utilized unfair settlement practices, without pleading additional facts and failing to specify a single alleged misrepresentation.[13] The United States District Court for the Eastern District agreed that plaintiff's allegations against the adjuster had no basis in law or fact because plaintiff did not present a reasonable basis to predict that she could recover against the adjuster for the claims asserted.[14] The court ruled that the defendant adjuster was improperly joined and removal to federal court on the basis of diversity jurisdiction was appropriate.[15] Similarly, the United States District Court for the Southern District held in *Killon v. Allstate Texas Lloyds* that, a "near-verbatim recitation of portions of unfair settlement practices specified in the Texas Insurance Code does not create a colorable claim against an adjuster-defendant unless coupled with facts indicating the adjuster's individual role in the alleged events."[16] In the case at bar, Plaintiff's petition only identifies the law that forms the basis of his claims, and does not identify what, if anything Defendant Ingalls did to violate the law. It fails to allege facts describing any actionable conduct or violations by Defendant Ingalls individually. Plaintiff does not allege that

---

[12] *See Elizondo v. Metro. Lloyds Ins. Co.*, No. 4:16-CV-306, 2016 U.S. Dist. LEXIS 103878 (E.D. Tex. Aug. 8, 2016).

[13] *Id.* at *7.

[14] *Id.* at *8.

[15] *Id.* at *9.

[16] *See Killon v. Allstate Texas Lloyds*, No. CA-C-03-442-H, 2004 WL 612843, at *5 (S.D. Tex. Feb. 25, 2004); *see also Bailey v. State Farm Lloyds*, No. Civ. A. H-00-3638, 2001 U.S. Dist. LEXIS 15236, 2001 WL 34106907, at *4 (S.D. Tex. Apr. 12, 2001).


Defendant Ingalls personally committed any of the acts which Plaintiff accuses Defendant State Farm of committing; Defendant Ingalls is not mentioned by name or otherwise; and Plaintiff does not allege that Defendant Ingalls had any individual involvement in this case beyond being employed by Defendant State Farm as the adjuster for this claim. Plaintiff's allegations are conclusory and merely assert that "Defendant" violated the Insurance Code. In *Frisby v. Lumbermens Mut. Cas. Co.*, the United States District Court for the Southern District held that listing statutory provisions of the Insurance Code and stating that such provisions were violated by the insurance company and the adjuster jointly "[did] not sufficiently separate those actions attributable to [the insurance company] from those of [the individual adjuster]".[17] Because Plaintiff only plead boilerplate allegations and failed to specify how Defendant Ingalls individually caused Plaintiff's injuries, Defendant Ingalls was improperly joined and removal to federal court is appropriate. Thus, because Defendant State Farm, the only properly joined Defendant, is a mutual insurance company, with its principal place of business in the State of Illinois, and Plaintiff was and is a resident of Trinity County, Texas, this action is removable under 28 U.S.C. § 1441(b). This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332.[18]

7. Plaintiff made a demand for a jury in state court.[19] A true and correct copy of all process, pleadings and orders, being Plaintiff's Original Petition and citations served on Petitioner in this action are attached hereto as Exhibit "A" and incorporated herein the same as if set forth at length.

---

[17] *See Frisby v. Lumbermens Mut. Cas. Co.*, No. H-07-015, 2007 U.S. Dist. LEXIS 60654, 2007 WL 2300331, at *4 (S.D. Tex. Feb. 20, 2007); *see also First Baptist Church v. GuideOne Mut. Ins. Co.*, 2008 U.S. Dist. LEXIS 75961 (E.D. Tex. Sept. 29, 2008).

[18] 28 U.S.C. § 1441(b); 28 U.S.C. §1332.

[19] *See* Plaintiff's Original Petition, Exhibit A.

8. Thirty (30) days have not yet expired since this action became removable to this Court by service of summons or receipt of pleadings creating a right of removal. Defendant was served with the summons and complaint on March 7, 2017 and this notice of removal is filed before the applicable deadline.

WHEREFORE, PREMISES CONSIDERED, Petitioner State Farm Mutual Automobile Insurance Company prays that the above entitled action be removed from the District Court of Trinity County, Texas to the United States District Court for the Eastern District of Texas, Lufkin Division.

Respectfully submitted,

BY:   /s/ Paul M. Boyd
      PAUL M. BOYD
      State Bar No. 02775700
      BOYD & BOYD
      1215 Pruitt Place
      Tyler, Texas 75703
      903/526-9000
      903/526-9001 (FAX)
      pboyd@boydlawtexas.com

ATTORNEY FOR DEFENDANTS

STATE OF TEXAS § § §

COUNTY OF SMITH

BEFORE ME, the undersigned authority, on this day personally appeared PAUL M. BOYD, who by me being duly sworn, on oath states that he is the attorney for Petitioners Paul Barnette and B & N Contractors, Inc., that he has the authority to make this verification; that he has read the foregoing Notice of Removal of Action Under 28 U.S.C. §1441(b) (Diversity) and knows the contents thereof; that the same is true of his own knowledge.

PAUL M. BOYD

SUBSCRIBED AND SWORN TO before me the undersigned notary public by the said PAUL M. BOYD, on this the 24th day of March, 2017, to certify which witness my hand and official seal of office.



NOTARY PUBLIC/STATE OF TEXAS

CERTIFICATE OF SERVICE

    I hereby certify that on this the 24th day of March, 2017, a true and correct copy of the above and foregoing instrument was forwarded via electronic means to:

> Mr. R. Scott Westlund
> Mr. Taylor W. Harper
> KETTERMAN ROWLAND & WESTLUND
> 16500 San Pedro, Ste. 302
> San Antonio, TX 78232
> [ATTORNEYS FOR PLAINTIFF]

                /s/ Paul M. Boyd
                PAUL M. BOYD