# CIVIL DOCKET

SM Inc., Dallas 1-800-648-7022

CASE NO. 22482

| NUMBER OF CASE | STYLE OF CASE | ATTORNEYS | KIND OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| 22482 | Raymon Gregory Coury Plaintiff. vs Stale Farm Mutual Automobile Insurance & Dawn Ingalls | Scott Westlund | Damages Auto Accident | 2 | 21 | 2017 |

FEE BOOK
Vol. | Page

Jury Demanded by
Jury Fee, $
Paid by
Defendant.

| DATE OF ORDERS | | | ORDERS OF COURT | Minute Book | | PROCESS |
|---|---|---|---|---|---|---|
| Mo. | Day | Year | | Vol. | Page | |



STATE OF TEXAS
COUNTY OF TRINITY
I, Kristen Raiford, District Clerk of Trinity County
Texas, do hereby certify that the foregoing is a true
correct copy of the original record, now to my lawful
custody and possession as appears a record in Vol.
_____ , Page _____
minutes of said court on file
in my office this _____
KRISTEN RAIFORD DISTRICT CLERK
Trinity County, Texas
By _____ , Deputy



EXHIBIT
A

22482

Trinity County - District Clerk

Filed 2/21/2017 12:17:03 PM
Kristen Raiford
District Clerk
Trinity County, Texas

CAUSE NO. 22482

Tami Hance

| | | |
|---|---|---|
| RAYMON GREGORY COWART | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 258 JUDICIAL DISTRICT |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE AND DAWN INGALLS | § | TRINITY COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW RAYMON GREGORY COWART, Plaintiff in the above entitled and numbered cause, and files this Plaintiff's Original Petition and Request for Disclosure, complaining of STATE FARM MUTUAL AUTOMOBILE INSURANCE AND DAWN INGALLS, referred to collectively as Defendant, and for cause of action respectfully shows the Court:

### I.

Pursuant to Rule 190.1 of Texas Rules of Civil Procedure, discovery is intended to be conducted under Level 3.

### II.

Plaintiff, RAYMON GREGORY COWART, is a resident of Trinity County, Texas.

Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE is an insurance company licensed to conduct business in the State of Texas and including Trinity County. Service of process regarding this lawsuit may be made on Defendant by serving its attorney/agent for service, Corporation Service Company, 211 E 7th St., Suite 620, Austin, TX 78701 -3218.

Defendant, DAWN INGALLS, is an individual residing in Denton County, Texas. She may be served with process at her place of employment at 2020 Firewater Pl, Lewisville, Texas 75067

1

### III.

Venue is proper pursuant to section 15.002 of the Texas Civil Practice and Remedy Code in that all or a substantial part of the acts or omissions giving rise to this cause of action occurred in Trinity County, Texas.

### IV.

Plaintiff, on or about March 20, 2016, was operating his motor vehicle, in a safe and prudent manner, backing out of a driveway, at or near the 200 block of Jack Scheffer Road, in Trinity, Trinity County, Texas.  Thereafter, Isabel Cuellar, suddenly and unexpectedly, slammed into Plaintiff's motor vehicle.  As a result thereof, Plaintiff was caused to suffer serious and permanent bodily injuries and damages described hereinafter with more particularity.

### V.

Isabel Cuellar is liable for proximately causing the injuries and damages of Plaintiff:

1. in failing to keep such an outlook as a person of ordinary care would have kept;

2. in failing to turn Defendant's motor vehicle to the right to avoid the collision as a person using ordinary care would have done;

3. in failing to turn Defendant's motor vehicle to the left to avoid the collision as a person using ordinary care would have done;

4. in failing to sound the horn on Defendant's motor vehicle or give any other warning as a person using ordinary care would have done;

5. in failing to make timely or proper application of the brakes on Defendant's motor vehicle as a person using ordinary care would have made;

6. in driving at a rate of speed greater than a person using ordinary care would have driven;

7.    in failing, while entering from a private road or driveway, to yield the right of way to Plaintiff's motor vehicle which was approaching on the highway to be entered, in violation of §545.155, Texas Transportation Code, which constitutes negligence per se;

8.    in failing, while emerging from a driveway in a residence district, to stop Defendant's motor vehicle before moving on a sidewalk or the sidewalk area extending across the driveway and, on entering the roadway, yield the right of way to Plaintiff's approaching motor vehicle, in violation of §545.256, Texas Transportation Code, which constitutes negligence per se; and,

9.    in driving Defendant's motor vehicle without determining that the movement could be made safely and without interference with other traffic, in violation of §545.415, Texas Transportation Code, which constitutes negligence per se.

## VI.

Each of the foregoing acts or omissions, singularly or in combination, was the proximate cause of the injuries and damages of Plaintiff described below.

## VII.

Plaintiff, as a proximate and producing result of the collision and the above acts or omissions of Isabel Cuellar, has sustained injuries to his body in general.

## VIII.

Plaintiff, as a direct and proximate result of the collision and the above acts or omissions of Isabel Cuellar incurred the following damages:

1.    reasonable and necessary medical expenses in the past;

2.    reasonable and necessary medical expenses which, in all reasonable probability, will be incurred in the future;

3.    physical pain suffered in the past;

4.    physical pain which, in all reasonable probability, will be incurred in the future;

5.    mental anguish in the past;

6.    mental anguish which, in all reasonable probability, will be incurred in the future;

7.      physical impairment in the past; and

6.      physical impairment which, in all reasonable probability, will be incurred in the future.

## IX.

Moreover, the motor vehicle of Raymon Gregory Cowart was, at all times material to this action, an "underinsured motor vehicle", as that term is defined under the Texas Insurance Code and in the policy of insurance, the subject of this lawsuit, issued by Defendant to Plaintiff.

## X.

The aforesaid policy, which was in full force and effect at all times material herein, provided protection to Plaintiff for injuries, damages, and expenses resulting from the ownership, maintenance, or use of an underinsured motor vehicle. Moreover, the injuries, damages, and expenses of Plaintiff will greatly exceed the policy limit coverage available to Isabel Cuellar. Additionally, Plaintiff has complied with all conditions precedent to recovering under Plaintiff's underinsured motorist coverage and including timely and properly notifying Defendant of the collision and Plaintiff's claim.

## XI.

Plaintiff is entitled to payment from Defendant for injuries, damages, and expenses arising out of the aforementioned collision under the terms and conditions of the underinsured portion of said automobile insurance policy issued by Defendant. Nonetheless, Defendant has failed, refused, still fails, and refuses to pay Plaintiff the benefits under this policy as it is contractually required to do so. Therefore, Defendant has breached the contract of insurance it had with Plaintiff. Additionally, action is brought for those underlying damages contractually owed under the policy as well as for the statutory violations of Chapters 541 and 542, Texas Insurance Code.

4

## XII.

Plaintiff has been forced to engage the services of the undersigned attorneys for the prosecution and collection of Plaintiff's claim. Therefore, pursuant to Chapter 542, Texas Insurance Code, Defendant is liable for the amount of Plaintiff's claim, injuries, damages, 18 percent per annum of the amount of such claim as damages, and reasonable attorney fees as may be determined by the Jury which are amounts within the jurisdictional limits of this Court. Plaintiff also seeks attorneys' fees and costs pursuant to the Uniform Declaratory Judgment Act.

## XIII.

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendant is liable for benefits under the UM/UIM policy. Additionally, pursuant to the Uniform Declaratory Judgment Act, Plaintiff seeks a declaratory judgment as to: (1) the existence of underinsured motorist coverage; (2) the subject collision is a covered claim under such coverage; (3) that Plaintiff is "legally entitled" to bring the claim under such coverage; (4) whether the underinsured motorist was negligent; (5) that the underinsured driver was in fact underinsured; (6) the amount of Plaintiff's damages as a result of the wreck; and (7) that Plaintiff has met all conditions precedent.

## XIV.

Plaintiff is entitled to pre-judgment interest and post-judgment interest at the maximum rate allowed by law.

**XV.**

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $100,000.00 but not more than $200,000.00.  The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

**XVI.**

Under the Texas Rule of Civil Procedure 194, Defendant is requested to disclose within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).  Plaintiff's Interrogatories and Request for Production are attached, for service at the time of service of this petition, and incorporated herein by reference.

**XVII.**

Plaintiff hereby demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein;  that, on final hearing of this cause, Plaintiff have judgment against Defendant for actual damages in an amount deemed to be just and fair by the Jury which will be a sum within the jurisdictional limits of this Court;  that Plaintiff recover the amount of Plaintiff's claim, 18 percent per annum of the amount of such claim as damages, and reasonable attorney fees, under Chapters 541 and 542, Texas Insurance Code, as may be determined by the Jury which are amounts within the jurisdictional limits of this Court;  that Plaintiff recover reasonable and necessary attorney's fees, from Defendant for the necessary services of Plaintiff's attorneys in the preparation and trial of this case and including any appeals to the Court of Appeals or the Supreme Court of Texas;  pre-

judgment interest and post-judgment interest as provided by law;  court costs;  and any other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**KETTERMAN ROWLAND & WESTLUND**
16500 San Pedro, Suite 302
San Antonio, Texas  78232
Telephone:     (210) 490-4357
Telefacsimile:  (210) 490-8372
Email: scott@krwlawyers.com
Email: taylor@krwlawyers.com

BY:

R. SCOTT WESTLUND
STATE BAR NO. 00791906
TAYLOR W. HARPER
STATE BAR NO. 24091573

ATTORNEYS FOR PLAINTIFF

STATE OF TEXAS
COUNTY OF TRINITY
I, Kristen Raiford, District Clerk of Trinity County
Texas, do hereby certify that the foregoing is a true
correct copy of the original record, now to my lawful
custody and possession as appears a record in Vol.
Page          minutes of said court on file
In my office this
KRISTEN RAIFORD DISTRICT CLERK
Trinity County, Texas
By                              , Deputy

7

22482

Trinity County - District Clerk

CAUSE NO. 22482

| | | |
|---|---|---|
| RAYMON GREGORY COWART | § | IN THE DISTRICT COURT |
| | § | |
| V, | § | 258 JUDICIAL DISTRICT |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE AND DAWN INGALLS | § | TRINITY COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR INTERROGATORIES 1-20 TO DEFENDANT

TO:   STATE FARM AUTOMOBILE INSURANCE
      By and through its registered agent for service:
      Corporation Service Company
      211 East 7th Street, Suite 620
      Austin, Texas 78701-3218

        You are directed to answer the following interrogatories separately, fully, in writing, and under oath, and continue to supplement your answers to these Interrogatories as provided by Rules 193 and 197, Texas Rules of Civil Procedure.  The answers are to be signed and sworn to by the person making them and delivered to the undersigned attorney not less than fifty (50) days after service hereof.

                        Respectfully submitted,

                        **KETTERMAN ROWLAND & WESTLUND**
                        16500 San Pedro, Suite 302
                        San Antonio, Texas  78232
                        (210) 490-7402; Telephone
                        (210) 490-8372; Facsimile
                        Email: scott@krwlawyers.com
                        Email: taylor@krwlawyers.com

            BY:   _____
                        R. SCOTT WESTLUND
                        STATE BAR NO. 00791906
                        TAYLOR W. HARPER
                        STATE BAR NO. 24091573

                        ATTORNEYS FOR PLAINTIFF

STATE OF TEXAS
COUNTY OF TRINITY
I, Kristen Raiford, District Clerk of Trinity County,
Texas, do hereby certify that the foregoing is a true
correct copy of the original record, now in my lawful
custody and possession as appears of record in Vol.
_____, Page _____, minutes of said court on file
in my office this _____
        KRISTEN RAIFORD DISTRICT CLERK
        Trinity County, Texas
By _____ Deputy

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was attached to Plaintiff's

Original Petition for service on Defendant at the time of service of said Petition on:

STATE FARM AUTOMOBILE INSURANCE
By and through its registered agent for service:
Corporation Service Company
211 East 7th Street, Suite 620
Austin, Texas 78701-3218

on this the ____ day of February, 2017.

R. SCOTT WESTLUND
TAYLOR W. HARPER

STATE OF TEXAS
COUNTY OF TRINITY
I, Kristen Raiford, District Clerk of Trinity County
Texas, do hereby certify that the foregoing is a true
correct copy of the original record, now to my lawful
custody and possession as appears a record in Vol.
_____, Page _____
In my office this _____ minutes of said court on file
KRISTEN RAIFORD DISTRICT CLERK
Trinity County, Texas
By _____, Deputy

2

## PLAINTIFF'S INTERROGATORY NUMBERS 1-20 TO DEFENDANT

1.  State the name, title, telephone number, and address of the person answering these Interrogatories and indicate whether said person is the designated corporate representative for Defendant.

    **ANSWER:**

2.  Please state the following regarding Defendant:

    a.  if Defendant was correctly named in this lawsuit;

    **ANSWER:**

    b.  if not correctly named, give the correct name;

    **ANSWER:**

    c.  whether Defendant was sued in its correct capacity;

    **ANSWER:**

    d.  if not sued in correct capacity, give correct capacity; and,

    **ANSWER:**

    e.  the countries and states of the United States of America in which Defendant is licensed, licensed for reinsurance, approved for reinsurance, a surplus lines writer, admitted, non-admitted, authorized under the Risk Retention Act, or otherwise authorized to do business.

    **ANSWER:**

3.  State the names, titles, job descriptions, telephone numbers, and current addresses of all of Defendant's employees, agents, representatives, claims adjusting service personnel, claims management personnel, claims investigators, brokers, medical records reviewers, and any other person who were involved in the handling, processing, and evaluation of Plaintiff's claims the subject of this lawsuit.

**ANSWER:**

4. State the following concerning any information, including but not limited to investigations, medical records, or reports concerning Plaintiff that were made the basis of the evaluation of Plaintiff's claim under the P.I.P./uninsured/underinsured motorist policy the subject of this lawsuit:

    a.    When such information, records, or reports were requested by Defendant and the names, addresses, and telephone numbers of the persons requesting same;

**ANSWER:**

    b.    The names, addresses, and telephone numbers of the individuals, including but not limited to investigators, medical record review services, and health care providers, from whom these records were requested;

**ANSWER:**

    c.    The names, addresses, and telephone numbers of each person who reviewed this information, records, or reports and include dates;

**ANSWER:**

    d.    The names, addresses, and telephone numbers of all persons who participated in the evaluation of Plaintiff's claim; and,

**ANSWER:**

    e.    If such records are still within the custody and control of Defendant.

**ANSWER:**

5. Identify all admissions against interest made by Plaintiff, Plaintiff's agents, representatives, or anyone acting on Plaintiff's behalf or at Plaintiff's request pertaining to the incident and transactions that are the subject of this lawsuit.

**ANSWER:**

6.   Does Defendant maintain review committees or any other type of structure or procedure whereby motor vehicle insurance claims are examined and analyzed for evaluation, controversion, or denial?

   **ANSWER:**

7.   If the answer to Interrogatory No. 6 is "Yes", please identify, by name, title, address, and telephone number, all members of any such review committee or structure for the years 2011-2016, inclusive, for any claims arising out of Trinity County and any other counties in south Texas.

   **ANSWER:**

8.   Were there reserves, including but not limited to bodily injury, property damage, P.I.P., and medical benefits, that were placed by Defendant or its employees, agents, and representatives on Plaintiff's claim that is the subject of this lawsuit?

   **ANSWER:**

9.   If the answer to Interrogatory No. 8 is "Yes", please state the amounts of each, the dates that each reserve was either established, increased, or decreased, and the names, titles, addresses, and telephone numbers of each person who established, increased, or decreased the reserves on Plaintiff's claim.

   **ANSWER:**

10.  State, pursuant to Rule 609(f), Texas Rules of Evidence, any evidence of conviction (by stating the offense, disposition, year of the offense, cause number, court, and county in which the offense occurred) regarding Plaintiff which you intend to use at the trial of this matter or of which you are aware.

   **ANSWER:**

11.  Identify all insurance, reinsurance, underwriting company groups or fleets of which Defendant is either a parent, subsidiary, or division for the years 2011-2016.

   **ANSWER:**

12.    Please state, as fully and specifically as you can, how the incident which is the subject of this suit occurred, including the date, time, and location of the incident (by indicating street intersections, block number of a particular street, or any other identifying geographical information).

**ANSWER:**

13.    Please state the name, address, and telephone number of each person from whom the Defendant, Defendant's agents, claims adjusting personnel, investigators, attorneys, employees, agents, servants, representatives, or other persons have obtained a written or recorded statement of any kind regarding the incident the subject of this lawsuit.

**ANSWER:**

14.    Please state the name, address, and telephone number of each person having custody of any written reports concerning any tests, inspections, measurements, or investigations made or taken with respect to the collision scene made the basis of this suit or the vehicles involved therein.

**ANSWER:**

15.    Do you have information indicating or any reason to believe that there was any mechanical failure on the part of any of the motor vehicles being operated, at the time of the collision the subject of this lawsuit, which, in whole or in part, was the cause of the incident?  If so, state the basis for such belief.

**ANSWER:**

16.    If you are contending that any acts or omissions of Plaintiff or any other person contributed, in any manner, to the collision, please state specifically each act or omission upon which you are relying, how it allegedly contributed to the collision, and identify the person doing such acts or omissions.

**ANSWER:**

17.    If you are alleging that there was any non-human condition or event which contributed to the collision, please state specifically how the condition or event allegedly contributed to the collision.

**ANSWER:**

6

18. Please state every fact known to you in the event you are alleging that Elisabeth Rodriguez was not an underinsured driver at the time of the collision the subject of this lawsuit.

    **ANSWER:**


19. Please identify and state the location of every insurance policy known to you which is believed to show that Isabel Cuellar was an insured driver at the time of the collision the subject of this lawsuit.

    **ANSWER:**


20. Do you contend that any of Plaintiff's designated testifying expert witnesses is unqualified or incompetent to render opinion testimony in this case based on the <u>Daubert</u> decision or its progeny? If so, then please state in full and complete detail the basis for such contentions. If you are making no such contentions, then please so state.

    **ANSWER:**

STATE OF TEXAS
COUNTY OF TRINITY
I, Kristen Raiford, District Clerk of Trinity County
Texas, do hereby certify that the foregoing is a true
correct copy of the original record, now to my lawful
custody and possession as appears a record in Vol.
_____ Page _____ minutes of said court on file
in my office this _____
KRISTEN RAIFORD DISTRICT CLERK
Trinity County, Texas
By _____ Deputy

7

22482

Trinity County - District Clerk

CAUSE NO. 22482

| | | |
|---|---|---|
| RAYMON GREGORY COWART | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 258th JUDICIAL DISTRICT |
| | § | |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE AND DAWN INGALLS | § | TRINITY COUNTY, TEXAS |

## PLAINTIFF'S REQUEST FOR PRODUCTION NUMBERS 1-21 TO DEFENDANT

TO:     STATE FARM AUTOMOBILE INSURANCE
        By and through its registered agent for service:
        Corporation Service Company
        211 East 7th Street, Suite 620
        Austin, Texas 78701-3218

Plaintiff requests that Defendant produce for discovery, under the provisions of Rules 193

and 196, Texas Rules of Civil Procedure, the items specified below, at the time and place, and for

the purposes set out in those paragraphs.

### DEFINITIONS AND INSTRUCTIONS

I.

The use in this request, unless otherwise indicated, of the term "Defendant", the name of a

party, or a business organization shall specifically include all employees, agents, representatives,

and attorneys of Defendant, party, or business organization.

II.

The term "documents and tangible things" means any electronically stored data, including

computer memories, back-up tapes, computer discs, compact discs, CD-ROMs, print-outs, printed,

typewritten, hand written, mechanically or otherwise recorded matter of claims files, claims

processing, claims handling, or claims managing logs, letters, memos, notes, diaries, reports,

calendars, interrogatories, answers to interrogatories, requests for production, responses to requests

STATE OF TEXAS
COUNTY OF TRINITY
I, Kristen Raiford, District Clerk of Trinity County,
Texas, do hereby certify that the foregoing is a true
correct copy of the original record, now in my lawful
custody and possession as appears of record in Vol.
_____ Page _____ minutes of said court on file
in my office this _____
        KRISTEN RAIFORD, DISTRICT CLERK
        Trinity County, Texas
        By _____ Deputy

for production, depositions, pleadings, judgments, photographs, slides, tape recordings, motion pictures, video tapes, audio tapes, and any copies of any such material if you do not have custody or control of the original.

### III.

Please state, if any documents or tangible things requested were but are no longer in the Defendant's possession or control or are no longer in existence, whether they are:

a.    Missing or lost;

b.    Destroyed;

c.    Transferred to others and, if so, to whom; or,

d.    Otherwise disposed of.

### IV.

Explain, in each instance, the circumstances of the authorization for such disposition, the approximate time and date of said disposition, and the contents of such documents or tangible things.

### V.

The following documents and tangible things are to be produced, not less than fifty (50) days from the date of service on Defendant of this request, at the law offices of the undersigned attorneys:

1.    All documents and tangible things pertaining to investigations, expert reports, expert consultations, correspondence, records, medical bill reviews and audits, asset checks, background investigations, and reports that were made the basis of any evaluation of the claims of Plaintiff under the automobile insurance policy the subject of this lawsuit.

2.    All documents and tangible things relating to the incident and claims that are the subject of this lawsuit as to any admissions against interest made by Plaintiff and his agents, representatives, or anyone acting on his behalf or at his request.

3.    All documents and tangible things pertaining to the claim file, claim diaries, claim handling logs, review of said claim, investigation of said claim, evaluations, notes, memos, reports, correspondence, reserves, and any other information and documents contained within any claim file pertaining to the claims of Plaintiff the subject of this lawsuit.

4.    All documents and tangible things pertaining to guidelines, work books, policy manuals, treatises, textbooks, or other material used or provided to any person or entity which investigated, evaluated, processed, managed, reviewed, or otherwise handled Plaintiff's P.I.P. claim and underinsured motorist claim the subject of this lawsuit.

5.    All documents and print-outs as to any reserves, including body injury, property damage, P.I.P., and medical benefits, that were placed by Defendant or its employees, agents, and representatives on the claims of Plaintiff the subject of this lawsuit.

6.    All documents and tangible things pertaining to the personnel file of each person who participated in the processing, handling, or evaluation of Plaintiff's P.I.P. claim and underinsured motorist claim the subject of this lawsuit.

7.    All documents and tangible things pertaining to each adjuster license, broker license, or any other type of insurance license issued by any state, held by each person, for the years 2011-2016, inclusive, who participated in the processing, handling, or evaluation of Plaintiff's claims the subject of this lawsuit.

8.    All documents and tangible things pertaining to each complaint filed directly with Defendant or with any Texas agency, department, or other insurance regulatory or supervision entity, the Texas Department of Insurance, Texas State Board of Insurance, or their successors for the years 2011-2016 and including but not limited to the names, addresses, and telephone numbers of the complainants, the total number of complaints, the nature of the complaints, the disposition of the complaints, the time it took to process the complaints, the classification of the complaints by insurance lines, special claim reports, and claims denial journals.

9.    All documents and tangible things pertaining to files maintained by Defendant which relate to motor vehicle insurance claims which have been denied on the same or similar basis as the denial of Plaintiff's claim the subject of this lawsuit for the years 2011-2016.

10.   All documents and tangible things as to the net worth of Defendant and including but not limited to S.E.C. reports and filings, annual reports, financial statements, balance sheets, cash and short term investments, total admitted assets, premium income (including direct premiums, net premiums written, net underwriting income, net investment income, pre-tax operating income, net income, value of real property, personal property, fixtures, and any other tangible thing of value, stocks, bonds, securities, negotiable instruments, accounts receivable, and all other assets for the years 2011-2016.

11.	All documents and tangible things that support your contention that any of Plaintiff's designated testifying expert witnesses are unqualified or incompetent to render opinion testimony in this case based on the Daubert decision or its progeny. If you are making no such contentions, then please so state.

12.	All documents pertaining to any review committees, policy manuals, guidebooks, training manuals, seminar material, workbooks, memorandums, handbooks, and any other policies or procedures, pertaining to the processing of motor vehicle claims, evaluation of claims, and controversion of claims or denial of coverage procedures for the years 2011-2016, inclusive, in the State of Texas.

13.	All documents and tangible things pertaining to review committees, policy manuals, guidebooks, training manuals, seminar material, workbooks, memorandums, handbooks, and any other policies or procedures pertaining to the evaluation, investigation, and processing of claimant allegations of violation of Chapters 541 and 542, Texas Insurance Code, bad faith, breach of contract, wrongful denial of coverage, or other wrongful denial of benefits under any motor vehicle insurance policy issued by Defendant and in effect for the years 2011-2016 in the State of Texas.

14.	All documents, claims histories, and print-outs pertaining to any claims filed by or on behalf of Plaintiff and including but not limited to Southwest Index Bureau ("S.W.I.B." cards), Equifax, TransUnion, Experian, T.R.W., M.I.B., or other information or data exchange banks maintained by or for the insurance industry or of which Defendant is a member or contributor.

15.	If Defendant claims any documents or tangible things are privileged as having been made "in anticipation of litigation or in connection with the prosecution or defense of the pending lawsuit" per Flores v. Fourth Court of Appeals, 777 S.W.2d 38 (Tex.1989) and as modified by National Tank Company v. Brotherton, 851 S.W.2d 193 (Tex.1993), please produce any and all documents and tangible items which Defendant relies upon in establishing the date said privilege attached.

16.	All photographs, slides, motion pictures, video tapes, and audio tapes in your possession or subject to your right of control that are relevant and material to this cause of action including but not limited to any showing Plaintiff, those showing the motor vehicles, those showing the location of the collision, and any surveillance of Plaintiff.

17.	All estimates and invoices which were prepared as a result of the damage to the motor vehicles involved in the collision the subject of this lawsuit.

18.	All documents and tangible things and including but not limited to claim handling diaries, claim handling logs, adjuster notes, and any correspondence to or from Plaintiff or his representatives which document that Defendant complied with the deadlines under Chapter 42, Texas Insurance Code, as to the claims of Plaintiff the subject of this lawsuit.

19. A sample of each form and correspondence used by Defendant to process automobile insurance policy claims made by its policyholders in effect for the years 2011-2016.

20. All documents and tangible things, for the last ten (10) years, on any claims or lawsuits wherein a policyholder or beneficiary of a policy issued by Defendant alleged a wrongful withholding of benefits, breach of contract (including but not limited to uninsured/underinsured policies), bad faith, or other tortious conduct on the part of Defendant in this State and including but not limited to pleadings, discovery, and judgments.

21. Produce any and all records obtained via Affidavits and/or Deposition on Written Questions from any entity in relation to the case made the basis of this lawsuit.

Respectfully submitted,

**KETTERMAN ROWLAND & WESTLUND**
16500 San Pedro, Suite 302
San Antonio, Texas 78232
(210) 490-7402; Telephone
(210) 490-8372; Facsimile
Email: scott@krwlawyers.com
Email: taylor@krwlawyers.com

BY:  _____

R. SCOTT WESTLUND
STATE BAR NO. 00791906
TAYLOR W. HARPER
STATE BAR NO. 24091573

ATTORNEYS FOR PLAINTIFF

STATE OF TEXAS
COUNTY OF TRINITY
I, Kristen Ralford, District Clerk of Trinity County
Texas, do hereby certify that the foregoing is a true
correct copy of the original record, now to my lawful
custody and possession as appears a record in Vol.
_____ Page _____ minutes of said court on file
in my office this _____
KRISTEN RALFORD DISTRICT CLERK
Trinity County, Texas
By _____ Deputy

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was attached to Plaintiff's

Original Petition for service on Defendant at the time of service of said Petition on:

STATE FARM AUTOMOBILE INSURANCE
By and through its registered agent for service:
Corporation Service Company
211 East 7th Street, Suite 620
Austin, Texas 78701-3218

on this the ___ day of February, 2017.

R. SCOTT WESTLUND
TAYLOR W. HARPER

STATE OF TEXAS
COUNTY OF TRINITY
I, Kristen Raiford, District Clerk of Trinity County
Texas, do hereby certify that the foregoing is a true
correct copy of the original record, now in my lawful
custody and possession as appears a record in Vol.
_____ , Page _____ minutes of said court on file
in my office this _____
KRISTEN RAIFORD DISTRICT CLERK
Trinity County, Texas
By _____ , Deputy

6

THE STATE OF TEXAS                              §
                                               §
COUNTY OF _____                        §

BEFORE ME, the undersigned authority, on this day personally appeared _____, personally known to me to be the person whose name is subscribed to the foregoing instrument, who, after being by me duly sworn did upon _____ oath depose and say:

"My name is _____.  I have read the foregoing answers to Interrogatories propounded by Plaintiff and state that the same are true and correct."


_____
STATE FARM AUTOMOBILE INSURANCE

SWORN TO AND SUBSCRIBED BEFORE ME by the said _____ on this the _____ day of _____, 2017, to certify which witness my hand and seal of office.


_____
Notary Public in and for
the State of Texas

My Commission Expires:_____

8

Filed 3/17/2017 1:59:57 PM
Kristen Raiford
District Clerk
Trinity County, Texas

## CITATION FOR PERSONAL SERVICE

Tami Hance

| | |
|---|---|
| KRISTEN RAIFORD | KETTERMAN ROWLAND & WESTLUND |
| DISTRICT CLERK | R. SCOTT WESTLUND |
| TRINITY COUNTY | 16500 SAN PEDRO SUITE 302 |
| P.O. BOX 549 | SAN ANTONIO, TX 78232 |
| GROVETON, TEXAS 75845 | |

### THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, 211 E. 7TH STREET SUITE 620, AUSTIN, TX 78701-3218 or WHEREVER (S)HE MAY BE FOUND

GREETINGS:  You are commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION AND PLAINTIFF'S REQUEST FOR DISCLOSURES at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof, before the 258TH  DISTRICT Court of Texas, at the Courthouse in GROVETON, TEXAS.

Said PLAINTIFF'S ORIGINAL PETITION AND PLAINTIFF'S REQUEST FOR DISCLOSURES was filed on FEBRUARY 21, 2017  under cause #22482.

The style of the case is: RAYMON GREGORY COWART v STATE FARM MUTUAL AUTOMBILE INSURANCE AND DAWN INGALLS copy of the PLAINTIFF'S ORIGINAL PETITION AND PLAINTIFF'S REQUEST FOR DISCLOSURES  accompanies this citation.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in Groveton, Texas, on FEBRUARY 21, 2017.

KRISTEN RAIFORD
DISTRICT CLERK
TRINITY COUNTY, TEXAS
By _____, Deputy

OFFICERS RETURN

Came to hand on the ___ day of _____, 20___, at _____ o'clock ___ m. and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon together with the accompanying copy of the plaintiff's petition, at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |
| | | |

And not executed as to the defendant(s)

The diligence used in finding said defendant(s) being

and the cause of failure to execute this process is

and the information received as to the whereabouts of said defendant(s) being

FEES
Serving Petition and Copy          $
Total                                          $

STATE OF TEXAS
COUNTY OF TRINITY
I, Kristen Raiford, District Clerk of Trinity County Texas, do hereby certify that the foregoing is a true, correct copy of the original record, now in my lawful custody and possession as appears a record in Vol. ___ , Page ___
In my office this
KRISTEN RAIFORD DISTRICT CLERK
Trinity County, Texas
By _____, Deputy

IN THE 258TH JUDICIAL DISTRICT
TRINITY COUNTY, TEXAS

CAUSE NO: 22482

RAYMON GREGORY COWART
VS
STATE FARM MUTUAL AUTOMOBILE INSURANCE AND DAWN INGALLS

RETURN

Came to my hand:  __3/6/2017__  , at  __02:15__  o'clock  __P.M.__ , the following specified documents:

- Citation
- Plaintiff's Original Petition and Request for Disclosures
- Plaintiff's Request for Production Numbers 1-21 to Defendant
- Plaintiff's Request for Interrogatories 1-20 to Defendant
- Civil Case Information Sheet

and executed by me on:  __3/ 7 /2017__ , at  __12:36__  o'clock  __P M__ , at

__211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701, within the county of TRAVIS,__ by delivering to __STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,__ by delivering to its registered agent, __CORPORATION SERVICE COMPANY,__ by delivering to __SUE VERTREES_____ , employee/managing agent, in person, a true copy of the above specified documents having first endorsed on such copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I declare under penalty of perjury that the foregoing is true and correct.

Authorized Person:  George L Castillo , SCH1448
Expiration Date:  __8/ /31 /20 17__
ASSURED CIVIL PROCESS AGENCY
5926 Balcones Drive, Austin, TX 78731

STATE OF TEXAS    }

VERIFICATION

Before me, a notary public, on this day personally appeared the above named person, known to me to be the person whose name is subscribed to the foregoing document, who first duly sworn, declared that the statements and facts therein contained are of my personal knowledge and experience to be true and correct. Given under my hand and seal of office, on this the __7th__ day of __March_____ , 2017

_____
Notary Public

DANA L. MCMICHAEL
Notary Public, State of Texas
Comm. Expires 04.01.2020
Notary ID 4733578

STATE OF TEXAS
COUNTY OF TRINITY
I, Kristen Raiford, District Clerk of Trinity County Texas, do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and possession as appears a record in Vol:____ , Page____ minutes of said court on file.
In my office this____
KRISTEN RAIFORD DISTRICT CLERK
Trinity County, Texas by____
_____ Deputy

Filed 3/17/2017 1:59:57 PM
Kristen Raiford
District Clerk
Trinity County, Texas

## CITATION FOR PERSONAL SERVICE

Tami Hance

| | |
|---|---|
| KRISTEN RAIFORD | KETTERMAN ROWLAND & WESTLUND |
| DISTRICT CLERK | R. SCOTT WESTLUND |
| TRINITY COUNTY | 16500 SAN PEDRO SUITE 302 |
| P.O. BOX 549 | SAN ANTONIO, TX 78232 |
| GROVETON, TEXAS 75845 | |

### THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: DAWN INGALLS, 2020 FIREWATER PL, LWEISVILLE, TX 775067 or WHEREVER (S)HE MAY BE FOUND

GREETINGS: You are commanded to appear by filing a written answer to the PLANTIFF'S ORIGINAL PETITION AND PLAINTIFF'S REQUEST FOR DISCLOSURES at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service hereof, before the 258TH DISTRICT Court of Texas, at the Courthouse in GROVETON, TEXAS.

Said PLANTIFF'S ORIGINAL PETITION AND PLAINTIFF'S REQUEST FOR DISCLOSURES was filed on FEBRUARY 21, 2017 under cause #22482.

The style of the case is: RAYMON GREGORY COWART v STATE FARM MUTUAL AUTOMBILE INSURANCE AND DAWN INGALLS copy of the PLANTIFF'S ORIGINAL PETITION AND PLAINTIFF'S REQUEST FOR DISCLOSURES accompanies this citation.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in Groveton, Texas, on FEBRUARY 21, 2017.

KRISTEN RAIFORD
DISTRICT CLERK
TRINITY COUNTY, TEXAS
By_____, Deputy

OFFICER'S RETURN

Come to hand on the 6 day of March, 2017 at 4:20 o'clock P.m. and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the plaintiff's petition, at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being _____

and the cause of failure to execute this process is _____

and the information received as to the whereabouts of said defendant(s) being _____

FEES
Serving Petition and Copy $ _____
Total $ _____

_____ Officer
_____ County, Texas

By _____, Deputy

STATE OF TEXAS
COUNTY OF TRINITY
I, Kristen Raiford, District Clerk of Trinity County
Texas, do hereby certify that the foregoing is a true
correct copy of the original record, now in my lawful
custody and possession as appears a record in Vol.
_____, Page _____ minutes of said court on file
in my office this
KRISTEN RAIFORD DISTRICT CLERK
Trinity County, Texas
By _____, Deputy

IN THE 258TH JUDICIAL DISTRICT
TRINITY COUNTY, TEXAS

CAUSE NO: 22482

RAYMON GREGORY COWART
VS
STATE FARM MUTUAL AUTOMOBILE INSURANCE AND DAWN INGALLS

# RETURN

**Came to my hand:** _3/6/2017_ , at _4:20_ o'clock _PM_ , the following
specified documents: /

- Citation
- Plaintiff's Original Petition and Request for Disclosures
- Plaintiff's Request for Production Numbers 1-21 to Defendant
- Plaintiff's Request for Interrogatories 1-20 to Defendant
- *Civil Case Information Sheet*

and executed by me on _3/6/2017_ , at _7:35_ o'clock, _PM_ , at,
_2020 FIREWATER PL, LEWISVILLE TX 75067_ within the county
of _DENTON_ , by delivering to DAWN INGALLS, in person, a true
copy of the above specified documents having first endorsed on such copy the
date of delivery.

The above-named defendant/respondent indicated that he/she is not an active member of the
armed forces of the United States of America

_____

_____

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I
declare under penalty of perjury that the foregoing is true and correct .

STATE OF TEXAS
COUNTY OF TRINITY
I, Kristen Raiford, District Clerk of Trinity County
Texas, do hereby certify that the foregoing is a true
correct copy of the original record, now in the lawful
custody and possession as appears a record in Vol.
_____ Page _____ minutes of said court on file

In my office this _____

KRISTEN RAIFORD DISTRICT CLERK
Trinity County, Texas
STATE OF TEXAS ) _____ Deputy

By: (print name) _STEPHANIE SIZEMORE_
SCH NO: _1131_
Expiration Date: _7/13/2017_
ASSURED CIVIL PROCESS AGENCY
5926 Balcones Dr. Ste. 290, Austin, TX 78731

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known
to me to be the person whose name is subscribed to the foregoing document and, being by me first duly
sworn, declared that the statements/facts therein contained are within his/her personal knowledge and
experience to be true and correct.  Given under my hand and seal of office on this the _7_ day of
_March_ , 2017

KIMBERLY SWEET
Notary Public, State of Texas
My Commission Expires
February 21, 2019

_____
Notary Public